## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 837

OAKWOOD REAL ESTATE CO. v. NOLTE et

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 697-99.  Decided April 26, 1926

**480.  EVIDENCE**—Where covenant provides indefinitely for improvement on "abutting streets," extrinsic evidence may be properly introduced to show what streets were to be regarded as abutting.

BY THE COURT.

The original actions were brought by three lot owners in the Montgomery Common Pleas, to recover the amount of assessments made against their lots for the improvement of Schantz Avenue and for the estimated value of construction of said street.

The actions were based upon covenants contained in the deeds from the Oakwood Real Estate Co., the covenants providing "That it will grade and pave with - - - cement - - - - that portion of the street abutting on said lot - - - - -." Whether or not Schantz Avenue is to be regarded as an abutting street within the covenant caused the controversy to arise. The lower court held in favor of the lot owners. On error proceedings, the Court of Appeals held:

1.  The covenant not being definite as to the particular street or streets involved, it was competent to introduce extrinsic evidence to prove what street or streets were to be regarded as abutting streets.

2.  The lower court found Schantz Avenue was contemplated by the parties as an abutting street, and the evidence justifies the finding.

3.  The contention of the Company that the assessments were payable yearly over a period of ten years and that the judgment for the full assessments together with interest in favor of the lot owners should not stand is well founded; and the judgment will be reduced by calculating the present worth of the assessments five years from the date the assessments were made.

Judgment affirmed, as modified.

Attorneys—James & Coolidge for Company; W. B. Sullivan and John H. Shively for Nolte et; all of Dayton.

No. 838

NAT. LIBERTY INS. CO. v. MEYER et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2788.  Decided March 29, 1926

**1140.  SURETYSHIP**—Where there is a guarantee to indemnify employer against misconduct of employe, the guarantor may be released from liability upon giving notice to the employer.

CUSHING, J.

The National Liberty Insurance Co. is the successor to the Germania Fire Insurance Co. About June 1917, Harry Boelscher was employed by the Germania Co. as bookkeeper and cashier; and a bond was issued by him with Henry Meyer and Bridget Kelley as sureties.

In September 1917, Meyer & Kelley separately notified the Insurance Co. that they would no longer be bound on the bond. This notice was given to the manager of the company.

Boeschler remained with the Company until June 1918 and was again employed in 1920. The Company sought to recover against the sureties on the bond because of alleged thefts by Boelscher, claimed to have taken place on Dec. 19, 1917 and continued from time to time until he was a defaulter in the sum of $5,139.37. He paid $1250 and the company sued Meyer & Kelley in the Hamilton Common Pleas to recover the balance. Judgment was rendered in favor of the sureties and the company prosecuted error, the Court of Appeals holding:

1.  The question as to whether or not sureties on a bond may give notice and be released from their obligation is answered in the affirmative.

2.  A guarantee is revocable at the pleasure of the guarantor by sufficient notice, unless the guaranty cover some specific transaction which has not yet been terminated.

3.  A guarantee to indemnify one against misconduct of an employe, as in this case, to turn over to the company moneys coming into his possession, the guarantor may be released on notice to the company.

Judgment of Common Pleas affirmed.

Attorneys—Harmon, Colston, Goldsmith & Hoadly for Company; J. T. Rhyno and D. T. Hackett for Meyers et; all of Cincinnati.